**SO ORDERED.**

**SIGNED this 31 day of July, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

**IN RE:**

    **JOHNNY MAY AND**              **CASE NO: 14-03812-5-RDD**
    **AUDREY MAY,**                 **CHAPTER 13**

    **DEBTORS**

**ORDER ALLOWING DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**
**FOR EXTENSION OF THE AUTOMATIC STAY AS TO ALL CREDITORS**

Pending before the Court is the Motion of Johnny and Audrey May (the "Debtors"),

filed on July 7, 2014, pursuant to 11 U.S.C. § 362(c)(3)(B) and E.D.N.C. LBR 4001-1(d), for

an extension of the automatic stay as to all creditors.

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on

July 2, 2014. This motion was filed on July 7, 2014. A prior case of the Debtors, docketed  as

Case No. 13-00714-8-RDD, was pending within the preceding one-year period but was dismissed

on June 11, 2014. The current filing is subject to the presumption that it was not filed

in good faith as provided in 11 U.S.C. § 362(c)(3)(C), but the Debtors have demonstrated that the

filing of the later case is in good faith as to the creditors to be stayed, and have provided clear

and convincing evidence sufficient to rebut the presumption that the case was not filed in good

faith.

The Debtors filed an affidavit by the Female Debtor in support of the Motion for Extension of the Automatic Stay and setting forth the circumstances as to why their prior case was dismissed and how their situation has changed since the previous filing.

In the Female Debtor's affidavit, the Female Debtor stated that the prior case was dismissed because they made a written error on a money order by purchasing a money order for the full amount of their Chapter 13 Plan payment but listing a lesser amount on the face of the money order. Upon receipt and processing of the money order, the Debtors fell behind in their Chapter 13 Plan payment. They entered into a consent order and were unable to comply as they receive their Social Security and VA benefit payments too late for a timely submission of their Chapter 13 Plan payment. The Debtors claim responsibility for making sure the correct information is put on all future money orders payable to the Chapter 13 Trustee, have budgeted better to account for their Plan payment and plan to stay a month ahead on the Chapter 13 Plan payment to assure each payment is made on time. Based on the Female Debtor's affidavit, the Court finds, by clear and convincing evidence, that the Debtors will be able to make their Chapter 13 payments. Therefore, the presumption of filing not in good faith is overcome.

No response to the motion has been filed, and the motion therefore is uncontroverted.

Accordingly, and pursuant to 11 U.S.C. § 362(c)(3)(B) and E.D.N.C. LBR 4001-1(d), the stay contained in 11 U.S.C. § 362(a) shall continue in effect throughout the pendency of the Chapter 13 case as to all creditors unless otherwise ordered or terminated by operation of a separate statutory provision (e.g., 11 U.S.C. § 362(h)).

**SO ORDERED**

**END OF DOCUMENT**